**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

|  |  |  |
|---|---|---|
| | ) | |
| WESTERN STATES PETROLEUM ASSOCIATION, | ) ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 25-1080 |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) | |
| | ) | |
| Respondent. | ) | |
_____)

**EPA'S MOTION TO HOLD CASE IN ABEYANCE OR
ALTERNATIVELY TO DISMISS**

Respondent EPA respectfully moves for an order holding this case in abeyance, with status reports due at 120-day intervals, to allow new EPA leadership to review the challenged action. EPA's review of its own action could obviate the need for the Court to decide any issues in this case, so it is sensible and efficient for the Court to defer resolving any issues. Alternatively, if the Court declines to hold the case in abeyance, then the Court should dismiss the petition as untimely.

Petitioner Western States Petroleum Association consents to the request to hold this case in abeyance but opposes the alternative

1

request to dismiss this case. Proposed Intervenor California supports EPA's motion only to the extent that it seeks dismissal. Proposed Intervenor Public Interest Organizations take no position on the motion to hold the case in abeyance and support the motion to dismiss.

**BACKGROUND**

The Western States Petroleum Association petitions for review of a final action by EPA under the Clean Air Act titled "California State Nonroad Engine Pollution Control Standards; Ocean-Going Vessels At-Berth; Notice of Decision," 88 Fed. Reg. 72461 (Oct. 20, 2023).

In that action, EPA granted the California Air Resources Board's request for authorization of amendments to California's Ocean-Going Vessels At-Berth regulation. *Id.* at 72461–62. The California regulation imposes emission-reduction requirements on certain vessels while docked at certain California ports. *Id.* EPA acted under 42 U.S.C. § 7543(e)(2)(A), under which EPA may authorize California to adopt and enforce emission-control requirements for certain nonroad engines.

# ARGUMENT

## I.  This case should be held in abeyance pending EPA's review.

Further agency action may obviate the need for any judicial decisions. Judicial efficiency is best served by holding this case in abeyance without deciding any contested issues, including this Court's jurisdiction, at this time.

New EPA leadership is reviewing the challenged EPA action, as agency leadership has the authority to do. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

EPA's review may result in further agency action that may obviate the need for the Court to decide any issues in this case. Courts

"routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022). Doing so is within the Court's "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nothing in the Clean Air Act requires otherwise; the Act's conferral of judicial authority to review final actions by EPA, 42 U.S.C. § 7607(b)(1), "does not compel [the Court] to do so within any specified time." *Ctr. for Biological Diversity*, 56 F.4th at 71. Deferring decision would serve the "cardinal virtue of Article III courts to avoid unnecessary decisions and to promote voluntary resolutions where appropriate." *Id.*

The Court should thus issue an order holding this case in abeyance, with status reports due at 120-day intervals.

## II. In the alternative, the petition should be dismissed as untimely.

Alternatively, if the Court declines to hold the case in abeyance, then it should dismiss the case as untimely.

With one exception, petitions for review of this EPA action must be filed within sixty days of its publication in the Federal Register. 42

4

U.S.C. § 7607(b)(1); 40 C.F.R. § 23.2. The sixty-day deadline to seek review of this action was December 19, 2023. 88 Fed. Reg. at 72462.[1] That deadline is jurisdictional. *Growth Energy v. EPA*, 5 F.4th 1, 25 (D.C. Cir. 2021); *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 459–60 (D.C. Cir. 1998).

The Association filed its petition after that deadline. Pet. for Review, Doc. No. 2104429. A date of February 28, 2025 is written on the petition. *See id.* at 2, 4. But the date on the cover letter, the Clerk's Office receipt stamp, and the electronic filing system header show that the Association in fact filed its petition on March 5, 2025. *Id.* at 1.

The Clean Air Act provides one limited exception to the sixty-day deadline. If a petition "is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise." 42 U.S.C. § 7607(b)(1).

Having conferred with the Association, EPA understands that the Association intends to rely on this "arising after" exception. As EPA understands it, the Association intends to argue that a January 1, 2025

---

[1] A different part of EPA's Federal Register notice erroneously calculated an earlier deadline of June 20, 2023. 88 Fed. Reg. at 72476.

compliance date in the state regulation provided after-arising grounds to seek review of EPA's authorization.

The Association filed too late even under its own theory. Even if the Association's after-arising theory were sound, a petition based on after-arising grounds must be filed "within sixty days after such grounds arise." 42 U.S.C. § 7607(b)(1). If the after-arising grounds arose on January 1, 2025, as EPA understands the Association's theory, then the Association would have had to file its petition within sixty days of that date—by February 28, 2025. But the Association did not file until March 5, 2025.

The Clean Air Act does not provide any further exception, and the Court "has no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Strange ex rel. Strange v. Islamic Republic of Iran*, 964 F.3d 1190, 1198–202 (D.C. Cir. 2020); *Med. Waste Inst. & Energy Recovery Council v. EPA*, 645 F.3d 420, 427 (D.C. Cir. 2011) (a court is "powerless" to resolve a claim filed after a jurisdictional deadline).

# CONCLUSION

The Court should issue an order holding this case in abeyance, with status reports due at 120-day intervals. But if the Court declines to hold the case in abeyance, then the Court should dismiss the petition as untimely.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
U.S. Department of Justice
Environment and Natural Resources
  Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3285
tsuki.hoshijima@usdoj.gov

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 1,103 words. This document complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately

spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

<u>/s/ Tsuki Hoshijima</u>