ORAL ARGUMENT NOT SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| WESTERN STATES PETROLEUM ASSOCIATION,<br><br>                              Petitioner,<br><br>       v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>                              Respondent. | Case No. 25-1080 |

## MOVANT-INTERVENOR STATE OF CALIFORNIA'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

ROB BONTA
Attorney General of California
TRACY L. WINSOR
Senior Assistant Attorney General
MYUNG J. PARK
Supervising Deputy Attorney General

CAITLAN MCLOON
M. ELAINE MECKENSTOCK
KRISTIN K. MCCARTHY
Deputy Attorneys General
  300 S. Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 269-6273
  Fax: (916) 731-2128
  Kristin.McCarthy@doj.ca.gov
*Attorneys for State of California*

The Court lacks jurisdiction over this Petition for Review because the Petition is time-barred. Petitioner Western States Petroleum Association (Petitioner) seeks review of a U.S. Environmental Protection Agency (EPA) authorization granted under the Clean Air Act that was published in the Federal Register on October 20, 2023. ECF No. 2104429; 88 Fed. Reg. 72,461 (Oct. 20, 2023). Petitioner filed this Petition for Review more than a year after that publication, well past the 60-day deadline for doing so. 42 U.S.C. § 7607(b)(1). There is thus no basis for this Court's jurisdiction. Notably, Petitioner has provided no explanation for its out-of-time filing. *See* ECF No. 2104429 (Petition for Review); ECF No. 2111045 (Petitioner's Provisional Statement of Issues to be Raised).

Pursuant to Federal Rule of Appellate Procedure (FRAP) 27, Movant-Intervenor the State of California, by and through the California Air Resources Board (CARB), hereby moves to dismiss this untimely Petition. In so moving, California is aligned with EPA on the alternative relief it seeks in its own motion. *See* ECF No. 2111035.

Petitioner opposes this motion. As stated in its separate motion, Respondent EPA requests that this case be held in abeyance without deciding any contested issues at this time. But if the Court declines to hold this case in abeyance, then EPA does not oppose California's motion. Movant-Intervenors Public Interest Organizations support this motion.

2

## BACKGROUND

CARB's Ocean-Going Vessels At Berth regulation (At Berth Regulation), first adopted in 2008, requires regulated vessels to reduce their emissions of smog-forming pollutants and diesel particulate matter from auxiliary engines used to power operations while docked at certain California ports. Section 209(e) of the Clean Air Act, 42 U.S.C. § 7543(e)(2)(A), requires EPA to "authorize" California "standards and other requirements relating to the control of emissions from [certain nonroad] vehicles and engines" unless the evidence establishes one of three limited criteria for denial of an authorization request. Pursuant to that section, CARB submitted an authorization request to EPA following adoption of these regulations. EPA granted that authorization request and published its action on December 13, 2011. 76 Fed. Reg. 77,515 (Dec. 13, 2011).

On August 27, 2020, CARB adopted amendments to its At Berth Regulation (2020 At Berth Amendments) that update and build upon several aspects of these standards.[1] Among other things, the 2020 At Berth Amendments extend auxiliary engine emissions reduction requirements to additional categories of ocean-going vessels, require emissions reductions from tanker vessel auxiliary boilers, and expand the applicability of the At Berth Regulation to additional regulated terminals and ports within California. CARB submitted a Section 209(e)(2)

---

[1] Cal. Code Regs., tit. 17, §§ 93130, *et seq*.

3

authorization request to EPA following the adoption of its 2020 At Berth Amendments. On October 20, 2023, EPA published its Notice of Decision granting California's authorization request (2023 Decision). 88 Fed. Reg. 72,461 (Oct. 20, 2023). The Notice of Decision stated that "Petitions for review must be filed by December 19, 2023," *id.* at 72,462—60 days after publication, as required by the statute governing this Court's jurisdiction over petitions for review of this sort of EPA action, 42 U.S.C. § 7607(b)(1).

Petitioner filed this Petition for Review challenging EPA's 2023 Decision on March 5, 2025, more than a year past the December 19, 2023 statutory deadline. ECF No. 2104429.[2] California has moved to intervene in support of EPA. ECF No. 2105921. That motion remains pending.

On April 14, 2025, EPA filed a motion to hold this case in abeyance or, in the alternative, dismiss for lack of jurisdiction (EPA Motion). ECF No. 2111035. California supports EPA's Motion to the extent that it seeks dismissal.

## LEGAL STANDARD

A petition for review of a final agency action under the Clean Air Act must be filed "within sixty days from the date notice of such promulgation, approval, or

---

[2] The Petition for Review mistakenly states that EPA's action was published on October 20, 2024, rather than October 20, 2023. Additionally, while the Petition for Review includes a signature date of February 28, 2025, the cover letter, Clerk's office receipt stamp, and electronic filing system header show that the Petition was filed on March 5, 2025. ECF No. 2104429.

4

action appears in the Federal Register, except that if such petition is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise." 42 U.S.C. § 7607(b)(1); *see also Alon Ref. Krotz Springs, Inc. v. EPA*, 936 F.3d 628, 639 (D.C. Cir. 2019). This time bar is "jurisdictional in nature"; thus, the Court must decide whether this Petition for Review is timely in order to retain jurisdiction over the case. *Sierra Club de Puerto Rico v. EPA*, 815 F.3d 22, 26 (D.C. Cir. 2016); *Am. Rd. & Transp. Builders Ass'n v. EPA*, 588 F.3d 1109, 1114 (D.C. Cir. 2009). If the petition is untimely, this Court must dismiss for lack of jurisdiction. *Sierra Club de Puerto Rico*, 815 F.3d at 26; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (noting when a court lacks jurisdiction "the only function remaining to the court is that of announcing the fact and dismissing the cause").

## ARGUMENT

### I. THIS PETITION FOR REVIEW IS TIME-BARRED

#### A. Petitioner Failed to File its Petition for Review Within Sixty Days of EPA's 2023 Decision

EPA published its 2023 Decision in the Federal Register on October 20, 2023. 88 Fed. Reg. 72,461 (Oct. 20, 2023). Petitioner, or any other petitioner who wished to seek review of EPA's 2023 Decision, had until December 19, 2023—sixty days after October 20, 2023—to file its petition for review. 42 U.S.C.

5

§ 7607(b)(1). And, while the statute alone makes that deadline clear, EPA also provided express notice of that deadline in the Federal Register notice here. 88 Fed. Reg. at 72,462 ("Petitions for review must be filed by December 19, 2023."). Rather than file its Petition for Review by December 19, 2023, however, Petitioner filed on March 5, 2025—more than a year past the deadline. ECF No. 2104429. This Petition for Review is therefore time-barred and should be dismissed. *See Sierra Club de Puerto Rico*, 815 F.3d at 26; *see also* ECF No. 2111035 (EPA Motion at pp. 4-6, seeking dismissal in the alternative).

### B. Petitioner Has Not Identified Any "After Arising" Grounds Allowing It to Petition for Review More Than Sixty Days after EPA's 2023 Decision

While the Clean Air Act permits petitions for review to be filed after the sixty-day deadline when such petitions are "based solely on grounds arising after such sixtieth day," 42 U.S.C. § 7607(b)(1), this Court has recognized only a limited set of circumstances as providing such after-arising grounds, *see Alon Ref. Krotz Springs, Inc.*, 936 F.3d at 646 (after-arising grounds generally involve "an intervening statute, regulation, or judicial decision [that] extends old regulations to new parties").[3] Petitioner identifies no such grounds here. Nor is California aware of any such ground.

---

[3] In that scenario, the petition for review must be filed "within sixty days after such grounds arise." 42 U.S.C. § 7607(b)(1).

6

## CONCLUSION

For the reasons discussed above, this Petition for Review is time-barred. Thus, this Court lacks jurisdiction, and the petition must be dismissed.

Dated: April 14, 2025                Respectfully submitted,

ROB BONTA
Attorney General of California
TRACY L. WINSOR
Senior Assistant Attorney General
MYUNG J. PARK
Supervising Deputy Attorney General
CAITLAN MCLOON
M. ELAINE MECKENSTOCK
Deputy Attorneys General


*/s/ Kristin K. McCarthy*
KRISTIN K. MCCARTHY
Deputy Attorney General
 300 S. Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 269-6273
 Fax: (916) 731-2128
 Email: Kristin.McCarthy@doj.ca.gov
*Attorneys for State of California*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,201 words. I further certify that this motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using a proportionally spaced typeface (Times New Roman) in 14-point font.

Dated:   April 14, 2025

/s/ *Kristin K. McCarthy*
Kristin K. McCarthy
*Attorney for State of California*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025 I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the Court's CM/ECF system.

I further certify that all parties are participating in the Court's CM/ECF system and will be served electronically by that system.

Dated:   April 14, 2025

*/s/ Kristin K. McCarthy*
Kristin K. McCarthy
*Attorney for State of California*