UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
)
WESTERN STATES PETROLEUM )
ASSOCIATION, )
)
               Petitioner, )
)
v. ) No. 25-1080
)
U.S. ENVIRONMENTAL )
PROTECTION AGENCY, )
)
               Respondent. )
_____)

**EPA'S REPLY IN SUPPORT OF MOTION TO HOLD CASE IN ABEYANCE OR ALTERNATIVELY TO DISMISS**

Putting this case in abeyance could avoid the need for the Court to resolve any contested issues, since EPA's review of its own action may obviate the need for judicial review. Alternatively, if the Court declines to hold the case in abeyance, then the Court should dismiss the petition because the Western States Petroleum Association's theory of after-arising jurisdiction is unsound.

# ARGUMENT

I. **This case should be held in abeyance pending EPA's review.**

New EPA leadership is reviewing the challenged EPA action. EPA's review of the challenged action may result in further agency action that renders a judicial decision unnecessary. *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022). In these circumstances, the Court has the authority to defer decision and hold this case in abeyance. Deferring decision avoids unnecessary judicial resolution in favor of potential voluntary resolution.

No party has questioned this Court's authority to hold this case in abeyance rather than deciding the jurisdictional dispute right now. It is appropriate for the Court to exercise that authority here.

II. **In the alternative, the petition should be dismissed for lack of jurisdiction.**

If the Court declines to hold this case in abeyance, the Court should dismiss the petition because the Association's after-arising theory is unsound.

The Clean Air Act establishes a sixty-day jurisdictional deadline to seek review of this EPA action. 42 U.S.C. § 7607(b)(1). The statute

allows one exception: "if such petition is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise." *Id.*

The Association claims that the after-arising event occurred on January 9, 2025, when it allegedly received information confirming that its members would not be able to meet a January 1, 2025 deadline in the state regulation. It is implausible that the Association could not have known about the alleged impossibility of complying with the January 1, 2025 deadline until after that deadline.

But putting that aside, the after-arising exception is inapplicable. The Association relies on new facts postdating EPA's authorization that allegedly undermine EPA's original justification. In such circumstances, the Association must first present the new facts to EPA in an administrative reconsideration petition. *See Alon Ref. Krotz Springs, Inc. v. EPA*, 936 F.3d 628, 645 (D.C. Cir. 2019); *Am. Rd. & Transp. Builders Ass'n v. EPA*, 588 F.3d 1109, 1114 (D.C. Cir. 2009). Then, if EPA were to deny the reconsideration petition, the Association may seek judicial review of EPA's denial rather than seeking after-arising review of the original action. *Alon*, 936 F.3d at 644. That way, EPA has

3

an opportunity to consider those new facts through an administrative process before a court weighs in. A court can then conduct judicial review on an administrative record that includes EPA's evaluation of the new facts. This improper attempt to invoke after-arising jurisdiction provides no such opportunity.

## CONCLUSION

The Court should issue an order holding this case in abeyance, with status reports due at 120-day intervals. But if the Court declines to hold the case in abeyance, then the Court should dismiss the petition for lack of jurisdiction.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

 */s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
U.S. Department of Justice
Environment and Natural Resources
  Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3285
tsuki.hoshijima@usdoj.gov

4

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 539 words. This document complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

<span style="text-align:right;">*/s/ Tsuki Hoshijima*</span>